# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

**DONALD F. CAMPBELL, JR., ESQ.**
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494

*Please Reply To:*
125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
(732) 741-3900
FAX: (732) 224-6599

November 24, 2020

Client/Matter No. 21743-0002

**VIA CM/ECF**
Hon. Michael B. Kaplan, U.S.B.J.
United Sates Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

  Re: Carolyn E. Brown, Case No. 20-20921
     Joint Objection to Debtor's Chapter 13 Plan and Motion to Excuse Debtor from Appearance at § 341(a) Meeting and Conducting Meeting via Written Examination

Your Honor:

  This office represents Raymond Dietrich and Air Technical Home Services LLC d/b/a Air Technical Services creditors in this Chapter 13 case. Please accept this letter Objection to the Debtor's Chapter 13 Plan and Motion to Excuse Debtor from Appearance at § 341(a) Meeting and Conducting Meeting via Written Examination in lieu of a more formal pleading.

  By way of background, the Debtor filed for Chapter 13 on September 24, 2020. On October 26, 2020, the Debtor filed her Schedules and Chapter 13 Plan (ECF Nos. 16, 18). The Debtor proposes to fund the Plan by paying the Chapter 13 Trustee $500.00 per month for 60 months starting in October of 2020 and selling her primary home by June 2021 with the non-exempt proceeds going to the Trustee. On October 29, 2020, the Debtor filed her Motion to Excuse her appearance at her § 341 meeting and instead have her brother, Douglas Brown ("Mr. Brown"), answer the Trustee's and creditor's questions via interrogatories (ECF No. 21).

  Upon filing the petition, the Debtor disclosed that she was terminally ill and was in hospice care. At the time of filing these documents, Mr. Brown held a valid power of attorney for the Debtor.

Accordingly, Mr. Brown signed the Debtor's Petition, Schedules, and Plan. Upon information and belief, the Debtor passed away on November 8, 2020. Accordingly, Mr. Brown's power of attorney is no longer valid. On November 12, 2020, Dietrich filed a proof of claim in the amount of $2,541,486.39. This claim is based on pending state court litigation wherein Dietrich asserts various claims against the Debtor, among other Defendants, including common law fraud, misrepresentation, breach of fiduciary duty, and conversion.

**Confirmation Should be Denied as The Debtor's Plan is Not Feasible**

Pursuant to Fed. R. Bankr. P. 1016, when a Chapter 13 debtor dies, the "case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Fed. R. Bankr. P. 1016. Ordinarily, the presumption is that a Chapter 13 case will be dismissed after the death of the debtor. *Id*., Advisory Committee Notes (1983). "Further administration" (within the meaning of Fed. R. Bankr. P. 1016) may be possible if a Chapter 13 plan has been confirmed prior to a debtor's death. *In re Waring*, 555 B.R. 754, 764-765 (Bankr. D. Colo. August 22, 2016). But "further administration" will almost always be impossible if a debtor dies before confirmation of a Chapter 13 plan, because no terms for administration of the estate have been established. *Id.* (citing *Spiser*, 232 B.R. 669 (dismissing Chapter 13 case when both debtors died prior to confirmation of a plan); *In re Redwine*, 2011 Bankr. LEXIS 946, 2011 WL 1116783 (Bankr. N.D. Ga., Mar. 8, 2011) ("further administration may only be possible if a plan has been confirmed")).

Additionally, it is clear "further administration" is not possible because § 1322(a)(1) requires that the Debtor's plan "shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." In this case, the Debtor's Plan is funded by "contribution[s] from family members." *See* Plan, Part 1(b). Accordingly, on its face, this provision of the Plan violates § 1322(a)(1) of the Code because the Debtor is not devoting any of her own regular income to the Plan. Additionally, since the Debtor is now deceased there is no way she can file a modified plan to remedy this violation. *See* § 109(e) ("Only an individual with regular income" can be a Chapter 13 Debtor).

Further, the Plan is not feasible in accordance with § 1325(a)(6). Section 1325(a)(6) requires that "the debtor will be able to make all payments under the plan and to comply with the plan." *See In re Brown*, 2013 Bankr. LEXIS 1300, *8-9 (Bankr. D.S.C. March 25, 2013) (dismissing debtor's Chapter 13 case because confirmation requirements of §§ 1322(a)(1) and 1325(a)(6) could not be

satisfied by a deceased debtor); *In re Navarro*, 2012 Bankr. LEXIS 4929, 2012 WL 51993743 (Bankr. D. Md. Oct. 19, 2012, at *2) (analogous case where the bankruptcy court denied confirmation of the debtor's pending Chapter 13 plan and dismissed the case after the debtor died; observing that "even if the Debtor's heirs obtain the appointment of a Personal Representative for Debtor's estate from the Probate Court, that entity would have no regular income and would be unable to propose a Chapter 13 plan.").

**Motion to Excuse Debtor from Appearance at § 341(a) Meeting and Conducting Meeting via Written Examination.**

Should this case proceed in the ordinary course despite the death of the Debtor, Dietrich and Air Technical Services also object to the Debtor's Motion to excuse her appearance at the § 341 meeting and have Mr. Brown answer all questions in writing. This is because the Debtor is now deceased and can no longer be compelled to appear at some later time to answer questions from the Trustee or creditors, either through a reconvened § 341 meeting or a Rule 2004 examination. *See In re Hamilton*, 274 B.R. 266, 268 (Bankr. W.D. Tex. 2001) (holding that motion excusing debtor from appearing at the § 341 should be denied where the debtor dies during the pendency of the case). Finally, should the Court grant the Debtor's Motion over this objection, Dietrich and Air Technical Services request that they be given leave to submit interrogatories to Mr. Brown in lieu of an oral examination at the § 341 meeting.

**Conclusion**

Based on the foregoing, Dietrich and Air Technical Services respectfully request that the Court enter an Order (i) denying confirmation of the Plan; and (ii) denying the Debtor's Motion to Excuse Debtor from Appearance at § 341(a) Meeting and Conducting Meeting via Written Examination.

          Respectfully Submitted,

          Donald F. Campbell, Jr.

DFC/jsb
Docs #4755734-v1