# COLLINS, VELLA & CASELLO, L.L.C.
## ATTORNEYS AT LAW
2317 ROUTE 34 SOUTH, SUITE 1A
MANASQUAN, NEW JERSEY 08736

Dennis A. Collins, Esquire
Gregory W. Vella, Esquire
Joseph M. Casello, Esquire

Tel: 732-751-1766
Fax: 732-751-1866

Allison O'Neill, Paralegal

Direct Email: JCasello@CVCLAW.net

April 29, 2021

**VIA ECF**

Honorable Christine Gravelle, U.S.B.J.
United States Courthouse
402 East State Street
Trenton, NJ 08608

  Re: *Carolyn Brown*
    *Chapter 7 Case No. 20-20921*
    **Hearing Date: April 30, 2021 at 10:00 a.m.**

Dear Judge Gravelle:

  Please accept this letter in lieu of a more formal response to the motion to approve a settlement in the above captioned Chapter 7 case between Raymond Dietrich and the Chapter 7 Trustee

  As an initial matter, this motion seems more to be a sale motion pursuant to 11 U.S.C. §363 of the bankruptcy code than a motion to approve a settlement. The motion envisions the Trustee conveying the Debtor's shareholder interests in various companies to Raymond Dietrich in exchange for Mr. Dietrich paying the estate $50,000 and withdrawing an unliquidated claim that he has filed in this case.

  The Trustee certifies that the sale of the shares to Dietrich will benefit the estate by (i) selling a closely held business that has not been profitable in the past; (ii) resolving a contested motion for relief from the stay; and (iii) avoiding litigation with Dietrich to establish his claim. As an initial matter, the Trustee acknowledges he has taken no action to market the shares of the companies to any parties. The Trustee obtained a report from RACG, LLC[1] regarding the

---

[1] Browns Gas Appliance and Furnace Service and Brown's Heating & Cooling, Inc. paid RACG, LLC $7,500 to prepare the report referenced by the Trustee. The report was completed with the cooperation of the Brown family members who are operating the business.

financial condition of the business, however the report has not been provided to my office or to counsel for the business Andrew Kelly, Esq. This information may assist the family members in making a higher and better offer to purchase these shares.

The argument that the settlement resolves a contested stay motion lacks merit. Carolyn Brown received her discharge on April 21, 2021. As a result, the automatic stay is no longer in effect pursuant to 11 U.S.C. §362(c)(2)(C). To the extent Mr. Dietrich wishes to return to the Superior Court to fix his monetary claims against the Chapter 7 estate, the stay is vacated to allow that to happen. Carolyn Brown and the businesses have asserted claims against Mr. Dietrich in the Superior Court and it appears that the settlement envisions those claims being dismissed. The Trustee provides no information as to the value of those potential claims.

Finally, the Trustee asserts that the settlement avoids litigation of Mr. Dietrich's claim. Assuming the estate receives $175,000 from the sale of the Debtor's residence and an additional $50,000 from Mr. Dietrich, the estate may well be administratively insolvent. When this case was pending as a Chapter 13 case, the State of New Jersey filed a priority proof of claim in the amount of $149,317.91. The claim includes sales and use tax through the fourth quarter 2019. The bar date for governmental claims has not passed and the State is likely to file an amended claim to include additional sales and use taxes for certain quarters in 2020. In the Chapter 7 case, the IRS has filed a priority claim in the amount of $15,359.31. Assuming the total amount to be distributed to creditors is $225,000, it is unlikely that any unsecured creditor will receive any distribution from the estate after payment of administrative costs and expenses and payment of priority claims. As a result, there may be no need to ever litigate the validity of the Dietrich unsecured claim.

The Trustee should be required to provide a draft distribution schedule showing what funds would be available to unsecured creditors if the settlement were approved and the Dietrich claim were withdrawn. Under this scenario, all parties could make a more informed determination as to the relative value of the settlement and the Debtor's family members could decide whether to submit an offer to the Trustee to acquire the Debtor's shares that would result in a greater distribution to unsecured creditors.

## CONCLUSION

For the reasons set forth herein, the matter should be adjourned to require the Trustee to provide more concrete information regarding the claims filed, the potential distribution and the assets being transferred as part of this motion.

Respectfully submitted,

COLLINS, VELLA & CASELLO, LLC
Attorneys for Debtor

By: _____
Joseph M. Casello, Esq.