# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

**DONALD F. CAMPBELL, JR., ESQ.**
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494

*Please Reply To:*
125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
(732) 741-3900
FAX: (732) 224-6599

May 24, 2021

Client/Matter No. 21743-0002

**VIA CM/ECF**
Hon. Christine M. Gravelle, U.S.B.J.
United Sates Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, New Jersey 08608

   Re:   **Carolyn E. Brown, Case No. 20-20921**
         **Chapter 7**
         **Objection to Douglas R. Brown's Letter Asserting Standing (ECF No. 113)**

Your Honor:

   This office represents Raymond Dietrich ("Dietrich") in the above-referenced Chapter 7 case. Please accept this letter objection to Douglas R. Brown's ("Mr. Brown") letter asserting that he has standing in this bankruptcy proceeding in lieu of a more formal pleading. Dietrich objects to Mr. Brown's argument that he has standing in this bankruptcy case for the following reasons.

   First, Mr. Brown's assertion that no one challenged his standing in this case prior to the Court at the May 18, 2021 on the Chapter 7 Trustee's settlement motion (the "Settlement Motion") and that he was accordingly "taken by surprise and had no opportunity to fully analyze the issue of standing" is incorrect. On April 30, 2021, at the initial hearing on the Settlement Motion, counsel for the Chapter 7 Trustee, Ms. Dobin, raised the issue of Mr. Brown's standing with Mr. Brown's counsel having entered his appearance. Accordingly, Mr. Brown had nearly three weeks to address the standing issue before the May 18th continued hearing date and failed to do so. As such, neither he nor his counsel were taken by surprise when the Court once again raised this issue on May 18th.

   Notwithstanding this fact, Mr. Brown, through his letter dated May 21, 2021, now asserts that he has standing in this bankruptcy proceeding by being a personal guarantor on proofs of claim no. 17

and 18. Specifically, these claims were filed by WBL SPO I, LLC, a creditor of Brown's Heating & Cooling, Inc. ("Brown's" or the "Company") that appear to be personally guaranteed by both the Debtor and Mr. Brown. Therefore, Mr. Brown argues that, assuming the above claims are not paid by the Chapter 7 Trustee in full, he will have a contingent claim against the Debtor for contribution of the guaranteed amount since he will remain liable on the Debt and eventually have to pay it. This argument has no merit.

First, the underlying debtor on the above-cited claims is the Company, not the Debtor. The Debtor is merely a guarantor just like Mr. Brown. Accordingly, by virtue of this bankruptcy proceeding, the only potential debt that will be discharged is the Debtor's personal guarantee. Therefore, because the Company's underlying debt obligation is still intact, Mr. Brown has no contingent claim against the Debtor. Put simply, Brown's still owes the debt and the only difference is that the Debtor is no longer a guarantor. As such, the only entity Mr. Brown has a contingent claim against is the Company and the company is not a debtor in this bankruptcy proceeding. Moreover, Mr. Brown has not asserted any facts that would lead the Court to conclude that the company itself is unwilling to pay this debt.

Finally, even in the event that the Court does find that Mr. Brown is a creditor in this case, any request by Mr. Brown to have a late filed proof of claim deemed timely should be denied. This is because Mr. Brown is the person that prepared and signed the Debtor's petition and schedules on her behalf through his power of attorney. Accordingly, he is directly responsible for not listing himself as a co-obligator with the Debtor on the debts owed to WBL SPO I, LLC. Put simply, Mr. Brown, in his personal capacity, cannot play the side of both debtor and creditor in this proceeding as such a result would be absurd and also raises a substantial conflict of interest.

Based on the foregoing, Dietrich respectfully requests the Court deny any request by Mr. Brown for standing in this bankruptcy proceeding and/or to have his late filed proof of claim deemed timely filed.

Respectfully Submitted,

Donald F. Campbell, Jr.

DFC/jsb

Docs #5109379-v1