**MS&B**  McMANIMON • SCOTLAND • BAUMANN          427 Riverview Plaza, Trenton, NJ 08611  (609) 695-6070

**Joseph R. Zapata, Jr.**
Partner
Direct 973-681-7979
jzapata@msbnj.com
Fax: 973-681-7990

September 16, 2021

<u>Via ECF</u>

Honorable Christine M. Gravelle
United States Bankruptcy Court
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

>    Re:    **Carolyn E. Brown**
>           <u>**Case No. 20-20921 (CMG), Chapter 7**</u>
>
>           **Motion to Approve Sale of Shares**
>           **Returnable:  September 21, 2021 at 10:00 a.m.**

Dear Judge Gravelle:

    This firm represents Thomas J. Orr, the Chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Carolyn E. Brown (the "**Debtor**").  Kindly accept this letter brief, in lieu of a more formal pleading, in reply to the opposition (the "**Opposition**") filed on behalf of Raymond Dietrich to the Trustee's Motion for an Order Approving the Sale of Shares to the Company, Brown's Gas Appliance and Furnace Service, Inc., and Granting Related Relief (the "**Motion**").

    Addressing first the issue raised that the Motion seeks to sell the shares in Brown's Gas Appliance and Furnace Service, Inc., as opposed to, the shares in Brown's Heating & Cooling, Inc.  The August 9, 2021 letter received from Douglas Brown appears to have incorrectly named the company as Brown's Gas Appliance and Furnace Service, Inc. with Mr. Brown, in his capacity as director of the company, exercising the company's right to repurchase the 600 shares.  Unfortunately, the error in the August 9, 2021 letter was carried over to the Motion.  Mr. Dietrich is correct that the June 15, 2021 Order granted Brown's Heating & Cooling, Inc. relief from the stay to pursue its right to purchase the Debtor's shares in Brown's Heating & Cooling, Inc. (the "**Company**").  The parties to the Motion, including Mr. Dietrich, are well aware of the shares in question and to be sold; the Motion should not be denied on those grounds as it would simply lead the Trustee to refile the same exact motion with the names changed – with no benefit to any party involved, but simply additional administrative expense.  The Trustee respectfully requests that the Court treat the Motion as amended to reflect the shares in the Company to be sold as those of Brown's Heating & Cooling, Inc.

Honorable Christine M. Gravelle
September 16, 2021
Page 2 of 2

As to the remainder of the issues raised in the Opposition, as reflected in the Certification in Support of Thomas J. Orr (the "**Orr Certification**"), the Trustee merely presents to the Court what he was advised by the Company as to how the Company intended to fund the purchase. The Trustee specifically states that he takes no position on the validity of this corporate action, but simply make this disclosure so that the parties have all the information that he has. See Orr Certification, p. 5, ¶ 20. The Trustee's concerns are with liquidation of the Shares for the benefit of the Estate and receiving the agreed upon consideration. The issues raised by Dietrich as to funding, the transfer of shares to Larry Brown, corporate formalities, and the like are not before the Court. If the buyer is unable to finance the purchase in the manner contemplated and as a result cannot consummate the acquisition, it will be in default enabling the Trustee to seek damages. Otherwise, this issue is of no concern to the Court.

While the Trustee has attempted to exercise his fiduciary duties under 11 U.S.C. § 704(a)(1), the issue of the sale of the Shares has become somewhat akin to an interpleader situation with multiple parties asserting rights to control the purchase of the Shares. The Trustee filed a motion to initially sell the Shares to Dietrich, which was opposed by Douglas Brown and the Company, with the Company asserting a right of first refusal. The Trustee secondly files a motion to sell the Shares to the Company in line with the Company's exercise of its right to repurchase the Shares, which is opposed by Dietrich, with Dietrich arguing, *inter alia*, that the decision as to whether the Company should repurchase the Shares lies with Dietrich. Again, the Trustee's concerns and interests lie solely with selling the Shares for the benefit of the estate under Section 704(a)(1). He has been unwillingly drawn into a shareholder battle between Dietrich, Douglas Brown and the Company, which has only served to increase the costs and fees of administering the estate. The Shares must be sold. Who has the right to purchase the Shares and the methodology to maximize the recovery for the benefit of the Estate is left to the sound judgment of the Court, and the Trustee will respectfully defer to the Court as to the same.

Wherefore, for the reasons as set forth above, the Trustee respectfully defers to the Court to determine who has the right to purchase the Shares once and for all. It is the Trustee's intention to sell the Shares in accord with the Court's determination. If the Court determines that the Company has properly exercised that right, the Trustee seeks authority to proceed with the sale of the Shares as requested in the Motion. Otherwise, the Trustee asks that the Court exercise its inherent authority to short-circuit the sale process to avoid the filing of *another* (i.e., third) sale motion lest the benefit of the Shares to the Estate be overwhelmed by the cost of administration associated with getting the process completed.

Respectfully submitted,

*/s/ Joseph R. Zapata, Jr.*

Joseph R. Zapata, Jr.

JRZ/

4819-7653-6315, v. 1