| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004<br>**MCMANIMON, SCOTLAND & BAUMANN, LLC**<br>427 Riverview Plaza<br>Trenton, New Jersey 08611<br>(973) 681-7979<br>Joseph R. Zapata, Jr.<br>jzapata@msbnj.com<br>*Attorneys for Thomas J. Orr, Chapter 7 Trustee* | Order Filed on December 15, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>**CAROLYN E. BROWN**,<br><br>          Debtor. | Case No. 20-20921 (CMG)<br><br>Chapter 7<br><br>Honorable Christine M. Gravelle, U.S.B.J. |

**ORDER AUTHORIZING THE SALE OF SHARES**
**AND GRANTING RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: December 15, 2021**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Debtor: Carolyn E. Brown
Case No.: 20-20921 (CMG)
Caption of Order: Order Authorizing the Sale of Shares and Granting Related Relief

---

**THIS MATTER,** having been presented to the Court by Thomas J. Orr, the Chapter 7 Trustee (the "**Trustee**") for Carolyn E. Brown, Chapter 7 debtor ("**Debtor**"), by and through his counsel, McManimon, Scotland & Baumann, LLC, upon the filing of a motion (the "**Motion**") for an order authorizing the sale of 600 shares (the "**600 Shares**") in Brown's Heating & Cooling, Inc. (the "**Company**" or "**Buyer**"); due and proper notice of the Motion and related matters before the Court in this case having been given; and the Court having considered the moving papers and opposition thereto filed by Raymond Dietrich ("**Dietrich**") and having heard and considered oral argument; and finding that good and sufficient cause exist for the granting of the relief as set forth herein; and for the reasons set forth on the record,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is **GRANTED as set forth herein**.

2. The sale of the Trustee's right, title, and interest in the 600 Shares to the Company free and clear of liens, claims and encumbrances (subject to those restrictions set forth in the Shareholders Agreement and applicable state law) is hereby approved pursuant to 11 U.S.C. §§ 363(b), (f)(1), and (m).

3. Payment to the Trustee for the 600 Shares will be made in accordance with the provisions of Article VIII, Paragraph 3, Section (f)(2) of the July 1, 2010, Shareholder Agreement, incorporated herein by reference, and providing as follows:

> f. <u>General Closing; Payment Terms</u>.
>
> The following provisions shall govern the Closing of any transfer of Shares of the Corporation except where, and to the extent, that the preceding provisions which apply to such transfer provide otherwise:
>
> * * *

| | |
|---|---|
| Debtor: | Carolyn E. Brown |
| Case No. | 20-20921 (CMG) |
| Caption of Order: | Order Authorizing the Sale of Shares and Granting Related Relief |

(2) <u>Down Payment; Minimum Payment</u>

Simultaneously with the delivery of the Shares subject to transfer, the Corporation shall deliver to such Shareholder, or such Shareholder's representative, a certified or bank check to the order of the Shareholder or the estate of the deceased Shareholder if applicable, in an amount equal to the lesser of: (i) Twenty Five Percent (25%) of the Purchase Price of the Shares being purchased; (ii) or FIFTY THOUSAND Dollars ($50,000).  The Corporation or Shareholders purchasing such Shares shall pay the balance of the Purchase Prices in equal quarterly installments over the following period:

\* \* \*

(b)  In the event of the death of a Shareholder, a Seven (7) year period.  Such period shall commence on the first business day of the first full calendar Quarter beginning after the date on which the Closing takes place.  No such installment payment shall be less than Two Thousand Dollars ($2,000).

As determined by the aforesaid schedule, the first quarterly payment of $8,928.57 will be due January 1, 2022, with each subsequent installment payment due the first business day of each quarter.

4. The Trustee is hereby authorized to execute such necessary and appropriate documents to effectuate the aforesaid sale of the 600 Shares.

5. The Court retains jurisdiction over the parties and this matter for, *inter alia*, purposes of enforcing this order and otherwise implementing the sale.  Except for the validity and implementing of the sale, all issues between the Company and Dietrich not otherwise dealt with in this Order may be addressed in the New Jersey Superior Court.